Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 150 | **DATE** | 9/27/2002 |
| **CASE TITLE** | Richard Kastman vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's petition for an award of fees and costs pursuant to the Equal Access to Justice Act [28-1] is granted. The total amount, as payable to plaintiff's counsel per plaintiff's fee agreement, is $8,636.00.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 30 2002 date docketed | 34 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 9/27/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | 02 SEP 27 PM 4:00 | | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD KASTMAN, | ) |
| Plaintiff, | ) Case No. 01 C 150 |
| v. | ) Magistrate Judge<br>) Martin C. Ashman |
| JO ANNE B. BARNHART, Commissioner<br>of Social Security, | ) |
| Defendant. | ) |

DOCKETED SEP 3 0 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the prosecution of his Social Security appeal before the District Court and for this motion for fees and costs.

Under the EAJA, fees may be awarded where 1) the plaintiff is the "prevailing party"; 2) the government's position was not substantially justified; 3) no "special circumstances make an award unjust"; and 4) the fee petition is submitted within thirty days of final judgment and is accompanied by an itemized statement. 28 U.S.C. § 2412(d)(1)(A). Here, Plaintiff was the "prevailing party," his timely-filed motion was accompanied by an itemization, and there are no special circumstances which would make an award of fees unjust. Furthermore, the government does not even contest that the administrative determination of the Commissioner of Social Security was not substantially justified upon the record as a whole. *C.f. United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) (noting that "the government bears

the burden of proving that its position meets the substantially justified standard"). Rather, the government focuses its attention on the amount of attorney's fees.

The Court agrees that the Commissioner's position was not substantially justified. First, as discussed in our prior opinion issued on July 2, 2002, we found that the ALJ substituted his opinion for that of a medical expert. The ALJ did not cite to or discuss any testimony or medical evidence to support his conclusions or explanations. He ignored relevant medical evidence and instead relied on his own independent findings. Next, the ALJ rejected evidence favorable to the Plaintiff without properly considering or discussing it. Additionally, he erred in making a credibility finding. He also did not refer to evidence to support his reliance on the Medical-Vocational Guidelines. The government's position was not substantially justified and the Plaintiff is entitled to attorney fees and costs. *See e.g. Gibson-Jones v. Apfel*, 995 F. Supp. 825, 826-27 (N.D. Ill. 1998) (where the ALJ fails to set forth specific legitimate reasons supporting an adverse credibility determination, the government's position is not substantially justified); *Rohan v. Apfel*, No. 95 C 0001, 1997 WL 803867, at *2 (N.D. Ill. Dec. 31, 1997) (where the ALJ makes his own independent medical findings or ignores evidence, the government's position is not substantially justified).

Turning to the amount of legal fees to be awarded, the government specifically opposes Plaintiff's petition due to the "inordinate number of hours" spent by Plaintiff's attorney and a law clerk on the briefs. To the contrary, we do not find that the amount of time spent on this case was unreasonable, excessive or inordinate. The factual record was fairly long, and because most of the grounds for appeal dealt with the ALJ's failure to consider evidence, Plaintiff's attorney and his clerk were forced to spend considerable time with the record. Even if Plaintiff's attorney

made some of the same arguments to the Appeals Council as he did to this Court, as a whole, the briefs submitted to this Court were more extensive, more developed and took the entire record into consideration.

The Court finds that Plaintiff's counsel did not bill improperly for this case. For example, Plaintiff's counsel did not bill for his law clerk's time that she spent conferring with Plaintiff's counsel about the case, although he did bill for the time that he spent conferring with her. Certainly it is acceptable for an attorney to bill for the time he spent supervising a law clerk, and many attorneys would have billed for their own time plus the time of the law clerk. The amount of fees charged by Plaintiff's attorney are reasonable and proper.

Thus, we grant Plaintiff's motion for an award of fees and costs pursuant to the EAJA. The amount Plaintiff requests ($8,707.25) is reduced by the .5 hour, or $71.25, that Plaintiff's attorney spent preparing a motion for an extension of time that, as conceded in his reply brief, "perhaps the government should not be required to pay." Therefore, the total amount, as payable to Plaintiff's counsel per Plaintiff's fee agreement, is $8,636.00.

ENTER ORDER:

_____
MARTIN C. ASHMAN
United States Magistrate Judge

Dated: September 27, 2002.

Copies have been mailed to:

| | |
|---|---|
| BARRY A. SCHULTZ, Esq.<br>The Law Offices of Barry A. Schultz, P.C.<br>1609 Sherman Avenue<br>Suite 207<br>Evanston, IL 60201<br><br>Attorney for Plaintiff | MR. CURT P. MARCEILLE<br>Special Assistant United States Attorney<br>200 West Adams Street<br>30th Floor<br>Chicago, IL 60606<br><br>Attorney for Defendant |